UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

A.I.L.R.,

*Petitioner*,

– against –

KENNETH GENALO, in his official capacity as Field Office Director of New York, Immigration and Customs Enforcement; ROBERT BROWN, in his official capacity as Acting Warden of the Metropolitan Detention Center; DAVID J. VENTURELLA, in his official capacity as Senior Official Performing the Duties of the Director, Immigration and Customs Enforcement; MARKWAYNE MULLIN, in his official capacity as Secretary, U.S. Department of Homeland Security; TODD BLANCHE, in his official capacity as Attorney General, U.S. Department of Justice,

*Respondents*.

**MEMORANDUM & ORDER**
26-cv-06839 (NCM)

**NATASHA C. MERLE**, United States District Judge:

On October 10, 2026, U.S. Immigration and Customs Enforcement ("ICE") agents arrested and detained petitioner at LaGuardia Airport. Pet. ¶ 3, ECF No. 1. Petitioner is currently being detained by respondents at the Metropolitan Detention Center ("MDC") in Brooklyn, New York. Pet. ¶ 3. Petitioner, through counsel, now petitions the Court for a writ of habeas corpus under 28 U.S.C. § 2241. Pet. ¶ 5, 25–26.[1] For the reasons discussed below, the petition is **GRANTED**.

[1] Throughout this Order, page numbers for docket filings refer to the page numbers assigned in ECF filing headers.

## BACKGROUND

Petitioner is a native and citizen of Guatemala. Exhibit 1 to Pet. ("Notice to Appear") at 2, ECF No. 1-1; Resp. 1, ECF No. 7. He entered the United States in 2022 on an H-2B visa. Pet. ¶ 2. The government maintains that that visa expired on July 7, 2024. Notice to Appear 2; *see also* Resp. 1 (noting that petitioner "overstayed his H-2B visa").

On October 10, 2026, petitioner was arrested by ICE agents at LaGuardia Airport, where he had been planning to board a plane to Dallas, Texas. Pet. ¶ 3. A Notice to Appear naming petitioner was issued approximately two hours after that arrest. Pet. ¶ 21. Petitioner was brought to Delany Hall Detention Center in New Jersey, where he was detained before ultimately being transferred to MDC. Pet. ¶ 3.

Petitioner commenced the instant action on October 23, 2026, after that transfer, by filing a petition for a writ of habeas corpus. *See* Pet. On the day the petition was filed, this Court issued an order directing respondents to submit a letter stating: (1) the statutory provision(s) under which respondents assert the authority to detain petitioner; and (2) whether the Second Circuit's decision in *Barbosa da Cunha v. Freden*, 175 F.4th 61 (2d Cir. 2026) controls, or whether otherwise there is any material basis to distinguish the instant case from this Court's prior decisions in *Y- C- v. Genalo*, No. 25-cv-06558, 2025 WL 3653496 (E.D.N.Y. Dec. 17, 2025), *Crespo Tacuri v. Genalo*, No. 25-cv-06896, 2026 WL 35569 (E.D.N.Y. Jan. 6, 2026), *Terrero v. Tsoukaris*, No. 26-cv-00869, 2026 WL 607917 (E.D.N.Y. Mar. 4, 2026), *Meza v. Francis*, No. 26-cv-02722, 2026 WL 1734903 (E.D.N.Y. June 16, 2026), *R.J.S.R v. Mullin*, No. 26-cv-03611, 2026 WL 1803649 (E.D.N.Y. June 23, 2026), *Menjivar v. Genalo*, No. 26-cv-2506, ECF No. 16 (E.D.N.Y. June 12, 2026), *R.M.R. v. Genalo*, No. 26-cv-04358, 2026 WL 2211009 (E.D.N.Y. July 31, 2026), or any other decision of this Court. Scheduling Order 2–3, ECF No. 3.

On October 26, 2026, the government filed a response stating that petitioner is properly detained under 8 U.S.C. § 1225(a). Resp. 2. Nevertheless, the government "concede[s] that this case is not materially distinguishable from" this Court's decision in *Meza v. Francis*, No. 26-cv-02722, 2026 WL 1734903, at *2-3 (E.D.N.Y. June 16, 2026). Resp. 2.

Although petitioner has not yet filed a reply, "[t]he Court issues the instant Order before [p]etitioner's deadline to file a reply in light of its obligation to determine the facts, and dispose of habeas petitions expeditiously, as law and justice require." *Ccorihuaman v. Genalo*, No. 26-cv-00554, 2026 WL 328983, at *1 (E.D.N.Y. Feb. 6, 2026) (quoting 28 U.S.C. § 2243).[2]

## LEGAL STANDARD

Section 2241 authorizes federal district courts "to grant a writ of habeas corpus whenever a petitioner is 'in custody in violation of the Constitution or laws or treaties of the United States.'" *Wang v. Ashcroft*, 320 F.3d 130, 140 (2d Cir. 2003) (quoting 28 U.S.C. § 2241(c)(3)). Under Section 2241, "[f]ederal courts have jurisdiction to hear habeas corpus claims by noncitizens challenging the constitutionality of their detention." *Rodriguez-Acurio v. Almodovar*, 811 F. Supp. 3d 274, 290 (E.D.N.Y. 2025) (citing *Velasco Lopez v. Decker*, 978 F.3d 842, 850 (2d Cir. 2020)).

## DISCUSSION

Petitioner contends that he is being detained in violation of the Immigration and Nationality Act ("INA") and the Due Process Clause of the Fifth Amendment. Pet. 7–8. The

---

[2] Throughout this Order, the Court omits all internal quotation marks, footnotes, and citations, and adopts all alterations, unless otherwise indicated.

government concedes that this case is not materially distinguishable from this Court's decision in *Meza*, where the Court concluded that petitioner was unlawfully detained because "ICE did not have a valid NTA in place at the time the officers executed" petitioner's arrest. 2026 WL 1734903, at *2. Accordingly, for the reasons stated by this Court in *Meza*, which the Court incorporates here by reference, the Court concludes that petitioner is being unlawfully detained pursuant to 8 U.S.C. § 1226 and in violation of his rights to due process under the Fifth Amendment.[3] *See* 2026 WL 1734903, at *2.

"Habeas is at its core a remedy for unlawful executive detention" and "[t]he typical remedy for such detention is, of course, release." *Munaf v. Green*, 553 U.S. 674, 693 (2008). The Court therefore deems petitioner entitled to immediate release.

## CONCLUSION

For the foregoing reasons, the Court holds that petitioner's detention violates the INA and the Due Process Clause of the United States Constitution. The petition for a writ of habeas corpus is therefore **GRANTED**.

Respondents are directed to release petitioner from custody within 24 hours of this Order and file a letter on the docket no later than 12:00 p.m. on October 28, 2026, certifying his compliance. The Court further orders that petitioner shall not be re-detained without notice and an opportunity to be heard at a pre-deprivation bond hearing before a

---

3 For the avoidance of doubt, the Court does not address any legal or factual argument that respondents do not raise here or did not raise in their briefing in *Meza*. *See Catania v. United Fed'n of Tchrs.*, No. 21-cv-01257, 2023 WL 1962533, at *3 (S.D.N.Y. Feb. 13, 2023) ("Courts generally do not decide issues not raised by the parties." (quoting *Cone v. Bell*, 556 U.S. 449, 482 (2009) (Alito, J., concurring))); *see also Russell v. Bd. of Plumbing Exam'rs*, 1 F. App'x 38, 41 (2d Cir. 2001) (summary order) ("We are, however, troubled by the district court reaching an issue neither pressed nor briefed before it, and urge against such a practice in the future."). Additionally, because the Court grants the relief petitioner seeks pursuant to 28 U.S.C. § 2241, it does not address his claim under the Administrative Procedure Act, 5 U.S.C. § 702. *See* Pet. ¶¶ 66–75.

neutral decisionmaker, where the government will have the burden of showing that his detention is authorized under 8 U.S.C. § 1226(a). For the avoidance of doubt, the Court concludes that petitioner "is entitled to release from the unlawful restrictions on his liberty—which means, in the circumstances here, restoration of . . . the status quo ante." *Khabazha v. ICE*, No. 25-cv-05279, 2025 WL 3281514, at *8–9 (S.D.N.Y. Nov. 25, 2025) (ordering government to release petitioner from "restrictions on his liberty imposed as a result of his unlawful [detention] . . . including the ankle monitor and reporting requirements"); *see also Ccorihuaman v. Genalo*, No. 26-cv-00554, 2026 WL 328983, at *2 (E.D.N.Y. Feb. 6, 2026). This Order includes "an injunction barring deprivation of [petitioner's] rights without the requisite procedural protections." *Khabazha*, 2025 WL 3281514, at *8; *see also Ccorihuaman*, 2026 WL 328983, at *2.

Should the petitioner seek an award of reasonable fees and costs under the Equal Access to Justice Act, he may file a letter application on the docket within thirty days of this Order. The Clerk of Court is respectfully directed to enter judgment consistent with the Order and close the case.

**SO ORDERED.**

*/s/ Natasha C. Merle*
NATASHA C. MERLE
United States District Judge

Dated: October 26, 2026
Brooklyn, New York